Kathleen (Kate) Wallace (Cal. Bar No. 234949)
kwallace@jonesday.com
JONES DAY
100 High Street, 21st Floor
Boston, MA 02110
Tel: (617) 449-6893
Fax: (617) 449-6999

Tyler J. Scott (Cal. Bar No. 341039)
tscott@jonesday.com
JONES DAY
555 Flower Street, 50th Floor
Los Angeles, CA 90071
Tel: (213) 243-2987
Fax: (213) 243-2539

Tyler J. Owen (*Admitted Pro Hac Vice*)
towen@jonesday.com
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226
Tel: (313) 230-7928
Fax: (313) 230-7997

*Attorneys for Defendant*
G6 HOSPITALITY LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane T.J. Doe, an individual, | Case No. 5:25-cv-00837-HDV-(SPx) |
| *Plaintiff*, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| G6 Hospitality LLC; Motel 6, Inc. d/b/a Motel 6 Indio, CA – Palm Springs; and Does 1 through 200, inclusive, | **[NOTE CHANGES MADE BY THE COURT IN SECTIONS II.I AND V.A]** |
| *Defendants*. | |

Plaintiff Jane T.J. Doe and Defendant G6 Hospitality LLC[1] (collectively the

---

[1] An additional Defendant, named in the Complaint as "Motel 6, Inc. d/b/a Motel 6 Indio, CA – Palm Springs," has not yet appeared in this Action. The terms

"Parties") agree that discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.

Accordingly, the Parties stipulate and agree, subject to approval of the Court, to enter the following Protective Order.   The Parties acknowledge that this Protective Order is consistent with Fed. R. Civ. P. 26 and Local Civil Rules 37 and 79-5.1; that it does not confer blanket protection on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles; and that it does not presumptively entitle parties to file Confidential Information under seal.

## I.     PURPOSES, LIMITATIONS, AND DEFINITIONS

A.     Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Protective Order.

B.     As used in this Protective Order, the following definitions shall apply:

1.     "Action" means *Jane T.J. Doe v. G6 Hospitality LLC*, case number 5:25-cv-00837, presently pending in the United States District Court for the Central District of California.

2.     "Party" means any party named in this Action.

3.     "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

4.     "Plaintiff's Identity" means Plaintiff's personally identifiable information, including: [1] names and aliases used by Plaintiff at any time; [2] Plaintiff's date of birth; [3] Plaintiff's social security number; [4] Plaintiff's current

of this Protective Order will presumptively apply to this Defendant upon this Defendant's first appearance, subject to any modifications agreed upon by the Parties. *See infra*, Section II.D.

and prior residential address; [5] Plaintiff's current and prior phone numbers and active and inactive social media or online user accounts; [6] Plaintiff's physical description, including weight, hair color, eye color, ethnicity, tattoos, and piercings; [7] videos, photographs, or other depictions of Plaintiff; and [8] the names of Plaintiff's biological or adoptive parents, siblings, children, and spouse, if any.

5. "Confidential Information" means Discovery Material (regardless of how it is generated, stored, or maintained) or tangible things that contain: [1] potentially sensitive personal identifying or financial information, including but not limited to, dates of birth, social security numbers, phone numbers, employment histories, or credit card information, videos, photographs, and social media; [2] competitively sensitive information; and [3] any material prohibited from disclosure by statute or court Order that is nonetheless discoverable. "Confidential Information" does not include "Attorneys' Eyes Only" information or "Plaintiff's Identity" which are separately addressed in Sections III.C and III.E, respectively.

6. "Attorneys' Eyes Only" means Discovery Material (regardless of how it is generated, stored, or maintained) or tangible things that constitute, reflect, disclose, or contain trade secrets or proprietary information that a Defendant has maintained as non-public or confidential and to be so competitively sensitive that it could suffer competitive harm if such information was disclosed to other Defendants. Materials warranting an Attorneys' Eyes Only designation will include, but are not limited to, documents and information reflecting or relating to any proprietary franchise systems, including applicable system and/or brand standards and financial terms of franchise relationships.

7. "Designating Party" means a Party or Non-Party that designates and marks information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "PLAINTIFF'S IDENTITY".

8. "Receiving Party" refers to a Party or Non-Party to which

information or items containing "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "PLAINTIFF'S IDENTITY" has been produced by a Designating Party.

9. "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by the Designating Party in connection with discovery in this case.

10. "Outside Counsel" means attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action and have entered a notice of appearance in this Action, and persons who are employees, partners, or shareholders of a law firm that represents or has appeared on behalf of a Party in this Action.

11. "In-House Counsel" means Attorneys and their support staff who are employees of a Party.

12. "Final Disposition" means the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

13. "Counsel" (without qualifier) means Outside Counsel and In-House Counsel, as well as their support staffs.

14. "Producing Party" means any Party or Non-Party that discloses or produces any Discovery Material in this case.

15. "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "PLAINTIFF'S IDENTITY" as provided for in this Protective Order.

16. "Expert" means a person with specialized knowledge or experience in a matter pertinent to this lawsuit and his or her employees, or staff, who has been retained by a Party or their Counsel to serve as an expert witness or

consultant in this Action.

17.    "Professional Vendors" means persons or entities that provide litigation support services (e.g., document and ESI processing, hosting, review and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or subcontractors.

## II.    REPRESENTATION & SCOPE

A.    Plaintiff represents that she believes in good faith that the alleged trafficker(s) and the traffickers' associates present an ongoing threat to the safety of her and her family members, and that the disclosure of Plaintiff's Identity within the context of this Action will increase that threat as well as the social stigma associated with being a trafficking victim.  Plaintiff further represents that she has taken steps to prevent disclosure of Plaintiff's Identity in conjunction with this Action, that she is unaware of any public disclosure of Plaintiff's Identity in conjunction with this Action, and that she does not intend to publicly disclose her Identity in conjunction with this Action, on social media or otherwise.  If Defendants become aware of any public disclosure of Plaintiff's Identity in conjunction with this Action by Plaintiff or her Counsel, Defendants may apply to the Court for relief from the restrictions imposed in this Protective Order related to non-disclosure of Plaintiff's Identity.

B.    The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also [1] any information copied or extracted from Protected Material; [2] all copies, excerpts, summaries, or compilations of Protected Material; and [3] any testimony, conversations, or presentations by Parties, Non-Parties, or their Counsel that may reveal Protected Material.

C.    This Protective Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a) of the Federal Rules of Civil Procedure.

D.     This Protective Order is without prejudice to the right of any Party to seek further or additional or less restrictive protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

E.     To the extent a Designating Party provides Protected Material under the terms of this Protective Order to the Receiving Party, the Receiving Party shall not share that material with any Non-Party, absent express written permission from the Designating Party, unless in conformance with this Protective Order.

F.     Not later than ninety (90) days after the Final Disposition of this case, each Receiving Party shall destroy all Protected Material received in the course of this Action.  Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, Expert reports, results of investigations, motions, and other documents filed with the Court that refer to or incorporate Protected Material and will continue to be bound by this Protective Order with respect to all such retained information.  Further, the Party or Parties receiving the Protected Material shall keep their attorney work product which refers or relates to any Protected Material.

G.     All Parties that have received any Protected Material shall, upon request by the Designating Party, certify in writing that all Protected Material has been destroyed.

H.     Attorney work product may be used in subsequent litigation, provided that such use does not disclose Protected Material, or any information contained therein.

I.     Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

III.   **ACCESS TO AND USE OF PROTECTED MATERIAL, AND FILING PROTECTED MATERIAL**

A.     All information designated "CONFIDENTIAL", "ATTORNEYS'

EYES ONLY", or "PLAINTIFF'S IDENTITY" shall be used solely for the purposes of the Action between the Parties.  Nothing herein shall restrict the use of Protected Material by the Producing Party.  Protected Material produced by Defendants shall not be shared with any litigation funding organization.

B.    With the exception of Protected Material designated by the Producing Party as "ATTORNEYS' EYES ONLY" or "PLAINTIFF'S IDENTITY", which are addressed separately in Sections III.C and III.E, respectively, access to a Designating Party's information marked "CONFIDENTIAL" shall be limited to, and only to, the following persons:

1.    The Parties, including the current employees, officers, representatives, and/or agents of the Parties (and/or the Parties' affiliated entities) as needed to litigate any claims or defenses in this Action;

2.    Former employees, officers, representatives, and/or agents of the Parties (and/or the Parties' affiliated entities), provided that any such person may not retain any documents containing Protected Material;

3.    Current contractors of the Parties who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

4.    Counsel for the Parties and employees, agents, and representatives of Counsel as needed to litigate any claims or defenses in this Action;

5.    Adjusters and claims professionals of an insurer of a Party and counsel for such insurer of a Party as needed to litigate any claims or defenses in this Action;

6.    The Court and court personnel;

7.    Court reporters, recorders, and videographers engaged for depositions;

8.    Any mediator appointed by the Court or jointly selected by the Parties who executes the Acknowledgment and Agreement to Be Bound attached to

1  this Protective Order as Exhibit A;

2          9.    Any Expert, outside consultant, or investigator retained by

3  Outside Counsel specifically in connection with this Action and who executes the

4  Acknowledgment and Agreement to Be Bound attached to this Protective Order as

5  Exhibit A;

6          10.    A person identified in the document containing Protected

7  Material as an author, source, addressee, or recipient of the communication or

8  document, or who already has a copy of the document containing Protected Material;

9          11.    Professional Vendors retained by the Parties, so long as a

10  representative with authority to bind the Professional Vendor executes the

11  Acknowledgment and Agreement to Be Bound attached to this Protective Order as

12  Exhibit A;

13          12.    Government agencies and agency personnel, but only to the

14  extent that the Party reasonably believes disclosure of the Protected Material is

15  potentially necessary to litigate any claims or defenses or to comply with any

16  obligations or requirements;

17          13.    In the course of a deposition, any Non-Party deponent and such

18  Non-Party deponent's counsel may be shown Protected Material provided that any

19  such Non-Party deponent and his or her counsel may not retain any documents

20  containing Protected Material following the deposition; and

21          14.    Such other persons as hereafter may be designated by written

22  agreement in this Action or by order of the Court.

23      C.    Access to Protected Material designated by the Producing Party as

24  "ATTORNEYS' EYES ONLY" shall be limited to, and only to, the following:

25          1.    Any of the Receiving Party's Outside Counsel in this Action,

26  including the employees of the Receiving Party's Outside Counsel;

27          2.    Experts, investigators, and consultants to whom disclosure is

28  reasonably necessary for this Action and who have signed the Acknowledgment and

1  Agreement to Be Bound attached to this Protective Order as Exhibit A;

2       3.    The Court and court personnel;

3       4.    Court reporters, recorders, and videographers engaged for

4  depositions;

5       5.    Professional Vendors retained by the Parties, so long as a

6  representative with authority to bind the Professional Vendor executes the

7  Acknowledgment and Agreement to Be Bound attached to this Protective Order as

8  Exhibit A; and

9       6.    The author or recipient of a document containing the Attorneys'

10  Eyes Only information or a custodian or other person who otherwise possessed or

11  knew the Attorneys' Eyes Only information.

12      D.    No person subject to this Protective Order other than the Producing

13  Party shall disclose any of the Protected Material designated by the Producing Party

14  as "ATTORNEYS' EYES ONLY" to any person whomsoever, except to the persons

15  identified in Section III.C.  Protected Material designated by the Producing Party as

16  "ATTORNEYS' EYES ONLY" may not be shared with current or former

17  employees, officers, representatives, In-House Counsel, or current or former

18  contractors of the non-producing Defendants.

19      E.    Access to Protected Material designated by the Producing Party as

20  "PLAINTIFF'S IDENTITY" shall be limited to, and only to, the following:

21      1.    The Parties, including current and former employees (including

22  In-House Counsel), officers, representatives, and/or agents of the Parties (and/or the

23  Parties' affiliated entities) necessary to litigate any claims or defenses;

24      2.    Law enforcement agencies and agency personnel, but only to the

25  extent that the Party reasonably believes disclosure of Plaintiff's Identity is necessary

26  to litigate any claims or defenses or to comply with any Party's discovery obligations

27  or requirements;

28      3.    Former employees (including In-House Counsel), officers,

contractors, representatives, and/or agents of the Parties (and/or the Parties' affiliated entities) who Outside Counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action and who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

4.    Any witness, except and excluding Plaintiff's traffickers and their associates, who Outside Counsel in good faith believes may possess information that may lead to the discovery of admissible information relevant to Plaintiff's claims or the Defendants' defenses, provided that such person may not retain any documents containing Plaintiff's Identity and that Plaintiff's and Plaintiff's family's physical location will never be disclosed to any such person;

5.    Counsel for the Parties retained specifically for this Action and employees, agents, and representatives of Counsel as needed to litigate any claims or defenses in this Action;

6.    Any mediator appointed by the Court or jointly selected by the Parties who executes the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

7.    Adjusters and claim professionals of an insurer of a Party and counsel for such insurer of a Party as needed to litigate any claims or defenses so long as a representative with authority to bind the insurer signs the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

8.    The Court and court personnel;

9.    Court reporters, recorders, and videographers engaged for depositions;

10.    Any custodian of records;

11.    Any Expert, outside consultant, or investigator retained by Counsel specifically in connection with this Action and who has signed the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

1    12.    Professional Vendors but only to the extent that the disclosure of Plaintiff's Identity is necessary to litigate any claims or defenses and so long as a representative with authority to bind the Professional Vendor executes the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

6    13.    Government agencies and agency personnel, but only to the extent that the Party reasonably believes disclosure of Plaintiff's Identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

9    14.    The Plaintiff's alleged trafficker(s) and/or the alleged trafficker(s)' associates (as disclosed by Plaintiff pursuant to Section IV.B of this Protective Order), but only after providing 30-day notice to Plaintiff of the intention to contact the trafficker to permit Plaintiff to seek further protection from the Court should it be necessary.  Neither Plaintiff nor any person or entity acting on Plaintiff's behalf may communicate with the trafficker or the trafficker's identified associates during the notice period.  Plaintiff's Identity will be revealed to the trafficker and/or the trafficker's identified associates only to the extent necessary to assist in their recollection of Plaintiff and/or her trafficking history.  Plaintiff's and Plaintiff's family's physical location will never be disclosed to Plaintiff's trafficker and/or the trafficker's identified associates; and

20    15.    Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A.

F.    Prior to any disclosure of Discovery Material marked "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "PLAINTIFF'S IDENTITY" to any person required by this Protective Order to execute the Acknowledgement and Agreement to Be Bound attached as Exhibit A, such person shall be provided a copy of this Protective Order and shall sign the Acknowledgement

and Agreement to Be Bound, in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Counsel shall retain each signed Acknowledgement & Agreement to Be Bound, and produce it to opposing Counsel prior to such person being permitted to testify at a deposition or trial.

G.    In the event that Counsel desires that Protected Material be disclosed to anyone beyond that which is allowed in this Protective Order, the Parties shall confer in good faith and attempt to resolve the matter; if no agreement can be reached, the matter shall be referred to the Court for resolution.

## IV.    USE OF PLAINTIFF'S IDENTITY

A.    During all pre-trial proceedings in this Action and in any pre-trial public filing, the Parties must either redact Plaintiff's Identity or use the pseudonym "Jane Doe" or "T.J." in place of Plaintiff's Identity.

B.    Within three days of the entry of this Protective Order by the Court, Plaintiff shall provide Defendants, through their Counsel, with the following:

1.    Plaintiff's full name, maiden name, and alias names used at any time;

2.    Plaintiff's date of birth;

3.    The last four digits of Plaintiff's Social Security Number;

4.    Plaintiff's current address and prior addresses from 2008 to present; and

5.    The names and aliases of Plaintiff's trafficker(s), including any known associates of the trafficker(s).

C.    Nothing in this Protective Order shall prevent any Party from seeking further protections or modification of this Protective Order for the trial or litigation of this Action.  Nothing in this Protective Order shall prevent a Party from requesting from Plaintiff during the course of discovery any other information that is linked or linkable to  Plaintiff's Identity or the identity of her trafficker(s) and associates, such

1  as, but not limited to, any medical, educational, financial, employment, or other

2  information.  Relatedly, nothing in this Protective Order relieves Plaintiff of the

3  obligation to produce any discoverable documents or information that Plaintiff

4  intends to rely upon at trial.  The protections conferred by this Protective Order do

5  not cover information that is in the public domain or becomes part of the public

6  domain through trial or otherwise.

7  **V.    DESIGNATING PROTECTED MATERIAL**

8      A.    Each Party or Non-Party that designates information or items for

9  protection under this Order must take care to limit any such designation to specific

10  material that qualifies under the appropriate standards.  The Designating Party must

11  designate for protection only those parts of material, documents items, or oral or

12  written communications that qualify so that other portions of the material,

13  documents, items, or communications for which protection is not warranted are not

14  swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or

15  routinized designations are prohibited.  Designations that are shown to be clearly

16  unjustified or that have been made for an improper purpose may expose the

17  Designating Party to sanctions.

18      B.    When producing Protected Material, the Producing Party shall mark

19  every page of any such document prior to production as "CONFIDENTIAL",

20  "ATTORNEYS' EYES ONLY", or "PLAINTIFF'S IDENTITY", as appropriate, or

21  give other comparable notice.  For digital files being produced, the Producing Party

22  may mark each viewable page or image with the appropriate designation, and mark

23  the medium, container, and/or communication in which the digital files were

24  contained.

25      C.    All Protected Material not reduced to documentary, tangible, or physical

26  form, or which cannot be conveniently designated pursuant to the preceding Section

27  V.A, shall be designated by the Producing Party in writing to the Receiving Party and

28  the designated information shall thereafter be treated in accordance with the terms of

1    this Protective Order.

2          D.      In the event that a Producing Party fails to stamp or otherwise designate

3    a document or other information as "CONFIDENTIAL", "ATTORNEYS' EYES

4    ONLY", or "PLAINTIFF'S IDENTITY" at the time of its production, that Producing

5    Party may do so thereafter on notice to all of the Receiving Parties; provided

6    however, that the Receiving Party shall not be liable for any disclosure or use of such

7    information that may have occurred prior to receiving notice of the Protected Material

8    designation.  Upon receiving the Protected Material with the correct designation, the

9    Receiving Party shall return or securely destroy, at the Designating Party's option,

10   all Discovery Material that was not designated properly.

11         E.      If at any time during the deposition of a Party's or Non-Party's

12   employee, agent, or representative, information is sought that the Party or Non-Party

13   considers to be Protected Material, Counsel for the Party or Non-Party may interrupt

14   the deposition so as to ask persons to whom disclosure of Protected Material is not

15   authorized to leave the room.  Aside from deponents, only persons to whom Protected

16   Material is authorized to be shown shall be permitted to attend confidential portions

17   of depositions involving Protected Material.

18         F.      For testimony given in a deposition or in a pre-trial hearing, the Parties

19   and any deposed Non-Party may agree on the record during the deposition or pre-

20   trial hearing that testimony in that proceeding will or will not be treated as Protected

21   Material.  If a Party or deposed Non-Party requests on the record during a deposition

22   or pre-trial hearing that said testimony be provisionally treated as Protected Material,

23   then said deposition or hearing testimony shall be treated as Protected Material until

24   14 days after the transcript is delivered by the court reporter to each Party's Outside

25   Counsel.  Within the 14-day period following the court reporter's delivery of the

26   transcript, any Party or deposed Non-Party may serve a Notice of Designation to all

27   other Parties as to specific portions of the testimony that shall be designated as

28   Protected Material.  After the 14-day period, only those portions identified in any

Notice of Designation shall be protected by the terms of this Protective Order. The Parties and any deposed Non-Party may agree to a reasonable extension of the 14-day period for designation. Parties shall endeavor to give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to implicate Protected Material.

## VI.    CHALLENGING PROTECTED MATERIAL DESIGNATIONS

A.    A Receiving Party shall not be obligated to challenge the propriety of any "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "PLAINTIFF'S IDENTITY" designation by the Designating Party of Discovery Material under this Protective Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

B.    Any challenge to a designation of the Designating Party's Protected Material shall be written, shall be served on Counsel for the Designating Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

1.    The Receiving Party shall have the burden of conferring either in person, in writing, or by telephone with the Designating Party in a good faith effort to resolve the dispute. The Designating Party shall have the burden of justifying the disputed designation.

2.    The entry of this Protective Order shall not preclude or prejudice either the Designating Party or the Receiving Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

3.    Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Protective

Order until one of the following occurs: (a) the Designating Party withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.  In the event that a Designating Party withdraws a Protected Material designation or the Court rules that the Discovery Material in question is not entitled to the designation, the Designating Party shall promptly reproduce the information in question with the appropriate Protected Material designation, if any, as applicable.

## VII.   SUBPOENAS OR COURT ORDERS

If a Receiving Party receives a subpoena or other compulsory process (e.g., court order) from any court or other arbitral, administrative, or legislative body commanding the production of another Party's Protected Material, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to the Designating Party's Counsel within seven days to allow the Designating Party an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena or other compulsory process.

If a Designating Party wishes to disclose its own Protected Material, it may consent to doing so but only after providing 30-day notice to the other Parties to this Action of the intention to permit the other Parties to seek further protection or relief from the Court should it be necessary.

## VIII.  FILING PROTECTED MATERIAL AND MATERIAL CONTAINING PLAINTIFF'S IDENTITY

A.    Absent written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material belonging to the Designating Party.

B.    Any Party is authorized to seek leave to file under seal with the Court any brief, document, or materials that are designated as Protected Material under this

1 Protective Order.

2 **IX.    <u>INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER</u>**

3       A.    In the event of a disclosure of any Discovery Material pursuant to this

4 Protective Order to any person or persons not authorized to receive such disclosure

5 under this Protective Order, the Party responsible for having made such disclosure,

6 and each Party with knowledge thereof, shall immediately notify Counsel for the

7 Designating Party and provide to such Counsel all known relevant information

8 concerning the nature and circumstances of the disclosure.    The responsible

9 Disclosing Party shall also promptly take all reasonable measures to retrieve the

10 improperly disclosed Discovery Material and to ensure that no further or greater

11 unauthorized disclosure and/or use thereof is made.

12       B.    Unauthorized or inadvertent disclosure does not change the status of

13 Protected Material or waive the right to hold the disclosed document or information

14 as Protected Material.

15 **X.    <u>INADVERTENT PRODUCTION OF SUBSEQUENTLY-CLAIMED</u>**

16 **<u>PRIVILEGED INFORMATION</u>**

17       A.    The production of privileged or work product-protected Discovery

18 Material (Disclosed Protected Information) in this case, whether inadvertent or

19 otherwise, is not a waiver of the privilege or protection from discovery in this Action.

20 When a Producing Party gives notice to Receiving Parties that certain inadvertently

21 produced material is subject to a claim of privilege or other protection, the obligations

22 of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

23 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be

24 established in an e-discovery order or agreement that provides for production without

25 prior privilege review.  This Protective Order shall be interpreted to provide the

26 maximum protection allowed by Fed. R. Evid. 502(d).  Nothing contained herein is

27 intended to, or shall serve to limit a Party's right to conduct a review of any Discovery

28 Material for relevance, responsiveness, or segregation of privileged or protected

information before production.  Additionally, the inadvertent protection of Discovery Material without an appropriate designation of Protected Material shall not be deemed a waiver or acknowledgement as to the confidentiality of any inadvertently produced document and any related material.

B.     Upon discovery that a document has been produced that the Producing Party believes to contain Protected Material or privileged and/or work product material, the Producing Party must notify the Receiving Party within thirty (30) days of that discovery, in writing, asserting attorney-client privilege, work product protection, or other applicable privilege or protection with respect to the Disclosed Protected Information.

C.     The Receiving Parties must, unless it contests the claim of privilege or protection in accordance with this Protective Order, within fourteen (14) days of receipt of that writing, and to the extent applicable, do the following: [1] return, delete, or destroy all copies of the Disclosed Protected Information; and [2] provide a certification from Outside Counsel that all of the Disclosed Protected Information has been returned or destroyed.

D.     Disclosed Protected Information that is sought to be reclaimed by the Parties to this case pursuant to this Protective Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

## XI.   MISCELLANEOUS

A.     Modification.  Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future.  By stipulating to or complying with this Protective Order, the Designating Party does not waive the right to argue that certain Protected Material may require additional or different confidentiality protections than those set forth herein.  Furthermore, this Order is subject to modification sua sponte by court order.

B.     Termination of Matter and Retention of Jurisdiction.  The Parties agree

that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

C. <u>Successors</u>. This Protective Order shall be binding upon the Parties, their Outside Counsel, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and Experts, and any persons or organizations over which they have direct control.

D. <u>Right to Assert Other Objections</u>. The Designating Party does not waive any right it otherwise would have in this Action to claim that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Action or any other proceeding. Similarly, neither Party waives any right to object on any grounds to the use in evidence of any Protected Material covered by this Protective Order.

E. <u>Burdens of Proof</u>. Notwithstanding anything to the contrary herein, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is Confidential, whether disclosure should be restricted, and if so, what restrictions should apply.

F. <u>Discovery Rules Remain Unchanged</u>. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules, or the Court's own orders.

1    **IT IS SO STIPULATED, THROUGH OUTSIDE COUNSEL.**

2

3    DATED: __10/03/25__

4    _/s/_ _____

5    Counsel for Plaintiff

6    Nicholas Dagher (SBN 275776)
     147 Waverly Drive
7    Pasadena, CA 91105
     Tel: (626) 415-4422
8    Email: dagher@nd-lawyers.com

9    Robert Simon, Esq. (SBN 238095)
     Brad M. Simon, Esq. (SBN 244369)
10   THE SIMON LAW GROUP, LLP
     34 Hermosa Avenue
11   Hermosa Beach, CA 90254
     Tel: (855) 910-1344
12   Email: robert@justiceteam.com
     Email: brad@justiceteam.com

13
     _Attorneys for Plaintiff_
14   Jane T.J. Doe

15   DATED: October 3, 2025

16
     _/s/ Tyler J. Owen_ _____
17   Counsel for G6 Hospitality LLC

18   Tyler J. Owen (_Admitted Pro Hac Vice_)
     Kathleen (Kate) Wallace
19   Tyler J. Scott

20   _Attorneys for Defendant_
     G6 HOSPITALITY LLC
21

22

23

24

25

26

27

28

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the Producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work product protection, or any other privilege or protection recognized by law. This Protective Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the Producing Party.

Dated this 9th day of October, 2025.

_____
Honorable Sheri Pym
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Jane T.J. Doe v. G6 Hospitality LLC*, Case No. 5:25-cv-00837. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after the termination of this Action.

Date: _____    _____
                          Printed Name

                          _____
                          Signature

                          _____
                          City and State where sworn and signed